UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RYAN JENSEN**, on behalf
of himself and all employees
similarly situated,

Plaintiff,

vs.                                                                               CASE NO:

**THE DESTIN FIRE CONTROL DISTRICT**

Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT
## FOR UNPAID OVERTIME

Plaintiff, RYAN JENSEN ("Plaintiff"), by and through undersigned counsel, on behalf of himself and all employees similarly situated, hereby sue Defendant, THE DESTIN FIRE CONTROL DISTRICT, a Florida PUBLIC MUNICIPAL CORPORATION ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Plaintiff is a resident of Okaloosa County, Florida, within the jurisdiction of this Honorable Court and worked for Defendant in Okaloosa County, Florida

3. The Defendant was at all times material hereto conducting its fire safety and related activities within the jurisdiction of the District Court of the Northern District of Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

4. This action is brought by Plaintiff and other similarly situated employees to recover from Defendant unpaid overtime wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq and s. 448.08, Florida Statutes.  Plaintiff Jensen's redacted "Opt-In Form" is attached to this complaint as Exhibit #1.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce and was otherwise covered by the provisions of the FLSA.  Defendant and Plaintiff were bound by a Collective Bargaining Agreement which provided for the payment of certain wage and overtime pay.  At all times pertinent to this Complaint, the Defendant operated as a municipal corporation providing (among other things) emergency medical services,

rescue response services, fire control services and fire prevention services. Defendant participates in interstate commerce.

6. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000.00 per annum. In addition, Defendant purchases supplies and equipment (such as boats and vehicles) which have travelled in interstate commerce.

7. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

8. The Defendant is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly involved in decisions affecting employee compensation and hours worked by the Plaintiff and other similarly situated employees. Plaintiff and those similarly situated are "employees" of Defendant.

**COUNT I – UNPAID OVERTIME WAGES AGAINST DEFENDANT**

9. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 8 above.

10. During the material time period Plaintiff and similarly situated employees were employed as firefighters, Emergency Medical Technicians, water rescue personnel and similar positions and performed services as same on behalf of

the Defendant. Plaintiff Jensen was employed by Defendant from on, or about, December 5, 2018 through June 14, 2020.

11.     During the material time period Plaintiff and similarly situated employees were paid on an hourly basis as set forth in the collective bargaining agreement ("CBA") and also paid fixed compensation per pay period for having certain credentials such as $46.15 paid to Plaintiff Jensen for being an "Open Water Rescuer." This payment is called an "Incentive" under the CBA. (See attached Exhibit #2 redacted composite exhibit showing a sample of Plaintiff's pay stubs reflected hourly pay, overtime pay, and Incentive Pay).

12.     Plaintiff, and those similarly situated, were periodically required and directed to participate in training programs to enhance their skills specifically needed to perform their jobs with Defendant. These training programs typically took place during normal business hours and the cost of the training was paid for by Defendant. Plaintiff, and those similarly situated, would be paid for their time attending these training programs if they fell on days they were scheduled to work. If the training program fell on a day they were not scheduled to work, they would receive no additional pay for attending the program.

Plaintiff, and those similarly situated, did not perform any productive work while attending these training sessions. Failure to participate in these training programs could result in Plaintiffs' termination from employment with

Defendant. These training programs were selected and scheduled by Defendant. These training programs were not run by independent bona fide institutions of learning; but rather contractors who were hired by Defendant to provide the training. These trainers would typically travel to the Destin, Florida area to specifically provide training at the request of Defendant.

13. Plaintiff, and those similarly situated, regularly worked overtime and were paid one and one-half times their hourly rate of pay for their overtime hours worked. Defendant, however, did not include the fixed "Incentive" pay into the overtime pay calculation. As a result of the Defendant's failure to include the Incentive pay into the overtime calculation, Plaintiff, and those similarly situated, were underpaid their overtime pay in violation of the Fair Labor Standards Act.

14. Plaintiff, and those similarly situated, were not paid for the time they attended mandatory training sessions when these sessions took place on days they were not otherwise scheduled to work. As a result, this time spent in training sessions was not included in the overtime pay calculation and Defendant underpaid the overtime pay due in these pay periods. Such failure to include time spent in these training sessions in the overtime pay calculation is a violation of the Fair Labor Standards Act.

15. Defendant failed to keep accurate time records of all the hours worked by Plaintiff and those similarly situated in violation of 29 CFR §516 because the

time spent in mandatory training sessions on days Plaintiff was not scheduled to work was not accurately recorded.

16.   Defendant intentionally and willfully failed to pay Plaintiff and similarly situated employees were their overtime wages as Defendant had knowledge of Plaintiff's and similarly situated employees' training schedules and pay Incentives, and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.  Defendant was aware of their obligation to pay overtime pay because it is contained in the collective bargaining agreement governing the work relationship between Plaintiff and Defendant.  Defendant was similarly aware of its obligation to pay Incentive pay each pay period.  Defendant did not act in good faith when they refused and failed to pay appropriate overtime.

17.   Defendant remains owing Plaintiff and similarly situated employees these overtime wages since the commencement of Plaintiff's and similarly situated employees' employment with Defendant as set forth above, and Plaintiff and similarly situated employees are entitled to recover double damage.

18.   Plaintiff has retained the law firm of Sean Culliton, Esq., LLC to represent him and has incurred attorneys' fees and costs in bringing this action.

WHEREFORE, Plaintiff and similarly situated employees demand judgment against the Defendant for the payment of compensation for all overtime hours at

one and one-half their regular rate of pay for the hours worked for which Plaintiff and similarly situated employees have worked and not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

19. Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable.

Dated: July 20th , 2020                         Respectfully submitted,

                                                /s/Sean Culliton
                                                Sean Culliton, Esq.
                                                FBN: 0986232
                                                E-mail: sean@seancullitonlaw.com
                                                Sean Culliton, Esq., LLC
                                                285 Pinewood Dr.
                                                Tallahassee, FL 32303
                                                Phone: (850)385-9455
                                                Facsimile: (813)441.1999
                                                Counsel for Plaintiff