UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RYAN JENSEN, on behalf
of himself and all employees
similarly situated,

      Plaintiffs,

vs.                                      CASE NO: 3:20-cv-5661-RV-HTC

DESTIN FIRE CONTROL DISTRICT

      Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND FOR DISMISSAL OF LAWSUIT WITH PREJUDICE

The parties, RYAN JENSEN, on behalf of himself and all employees similarly situated ("Plaintiffs"), and the DESTIN FIRE CONTROL DISTRCT ("Defendant") (collectively hereinafter "Parties"), by and through their undersigned counsel and pursuant to Local Rule 7.1 jointly seek approval of their settlement of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* (the Parties' Joint Stipulation of Settlement is attached hereto as Exhibit 1), and dismissal of Plaintiffs' claims with prejudice.

### MEMORANDUM OF LAW

**I.    The Nature of the Case and Case History**

This action was filed as an action for unpaid overtime wages under the Fair

Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA") on November 9, 2021 (doc. 1). Plaintiffs worked as fire-fighters for the Destin Fire Control District ("Defendant") and attended certain fire-fighter training classes while employed by the Defendant. Plaintiffs allege that if they were on the work schedule on a day they attended these training sessions, they were paid regular wages and overtime. Plaintiffs allege if they were not otherwise scheduled to work during these classes, they were not paid any wages or overtime for the time spent attending classes. Plaintiffs further allege that attendance at the training classes was mandatory. Defendant contends that attendance at the training classes was voluntary and that it hosted the classes to offer convenience to its employees, who were otherwise free to satisfy the training and credential requirements of their positions by attending training classes elsewhere on their own time. Through its pleadings and elsewhere, Defendant denied that its pay practices constituted any violations of the FLSA and denied any liability or wrongdoing of any kind.

The Court entered a final scheduling order (doc. 16) and the Parties engaged in discovery. On January 25, 2021, the Court granted Plaintiffs' motion to certify a class. (Doc. 20). After the opt-in period expired, during which two more plaintiffs joined the class, a related case was filed, *David Garner, et al. v. The Destin Fire Control District*, Case No. 3:21-cv-2027-RV-MJF. The Parties subsequently jointly moved to consolidate the two matters, which the Court granted on January 11, 2022. (Doc. 29). The class size after consolidation was nine, including the class

representative, Mr. Jensen. The final discovery deadline in this case was set for July 28, 2022.

The Parties have engaged in substantial written discovery. Specifically, Defendant responded to Plaintiffs' interrogatories on April 1, 2022, and requests for production of documents between December 2021 and March 2022 during which it produced approximately 10,000 documents. Plaintiffs provided responses to Defendants' interrogatories and requests for production of documents in January 2022. Additionally, both parties conducted depositions.

To avoid further expense of litigation and out of a desire to compromise, resolve, and settle these claims and causes of action, the Parties engaged in extensive informal settlement negotiations. The Parties reached a settlement of all claims asserted in the lawsuit, the terms of which are embodied in the Joint Stipulation of Settlement (Exhibit 1). The class representative, Ryan Jensen, executed the Joint Stipulation of Settlement on behalf of the respective Plaintiffs, consistent with the Plaintiffs' previous representation that Plaintiff Jensen would attend any mediation and negotiate on behalf of the opt-in Plaintiffs, which the Court acknowledged in subsequent order. (See docs. 30 and 31). All opt-in Plaintiffs executed Releases of their respective claims, and those Releases are attached to the Joint Stipulation of Settlement.

The proposed settlement is a reasonable compromise of highly disputed

issues. Accordingly, the Parties request that the Court approve the settlement for the reasons set forth in this Motion.

## II.   Approval of FLSA Settlements

The Eleventh Circuit has held that FLSA claims may only be settled or compromised in one of two ways: supervision by the Secretary of Labor under 29 U.S.C. § 216(c), or court approval. *Lynn's Food Stores, Inc. v. U.S. US Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714 (E.D. La 2008) (containing an extended discussion of FLSA settlements, approval, and the differences between FLSA collective actions and Fed. R. Civ. P. 23 class actions).

As stated in *Lynn's Foods*, the court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355. The purpose of the requirement that there be a "bona fide dispute" is to ensure that the parties are not "negotiating around the clear FLSA requirement of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins*, 568 F. Supp. 2d at 719. In short, the court must find that there is "some doubt" the plaintiffs would succeed on the merits of their claims. *Id.* However, as stated in *Lynn's Foods*, "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court

to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Foods*, 679 F.2d at 1354. Courts are to review FLSA settlements with a strong presumption in favor of finding a settlement fair. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009) ("[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable").

### A.   This is a Bona Fide Compromise of Disputed Claims.

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores*, 679 F.2d at 1353–54, n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement. *See id.* at 1354 (contrasting settlements made in the context of a lawsuit, which provide "some assurance of an adversarial context," with settlements outside the context of a lawsuit, which are in "clear derogation . . . of the FLSA").

There exists a bona fide dispute in this case over numerous issues, including whether Plaintiffs' attendance at training classes outside of regular work hours was mandatory or voluntary, whether the training classes corresponded with classes or courses offered by independent bona fide institutions of learning, and whether Plaintiffs' acceptance of the requirement to achieve certain certifications as a precondition of employment rendered training or class attendance non-

compensable. Defendant maintains that the Plaintiffs' time spent voluntarily attending training classes outside of regular work hours for a certification that was a precondition of the Plaintiffs' employment resulted in the time not being hours worked. Further, even if Plaintiffs could establish liability, there is a dispute over the amount of alleged overtime hours actually worked by Plaintiffs. Defendants maintain that Plaintiffs did not work the hours they claimed to work based on data and documents produced in this action. Plaintiffs maintain that not all their hours worked or spent in training were recorded. The Parties believe there are bona fide disputes on all of these issues, among others, that would have to be resolved by summary judgment or a trial on the merits.

### B.  The Settlement is Fair and Reasonable in Light of the Parties' Disputes.

In the present case, the settlement is fair and reasonable. The Eleventh Circuit has recognized that full compensation for a plaintiff's claims is not required for FLSA claims where the amounts are disputed. *See, e.g., Vela v. Sunnygrove Landscape & Irrigation Maintenance, LLC*, 2018 WL 8576382, at *2 (M.D. Fla. October 4, 2018) (noting that even though the settlement amount was less than that claimed by the plaintiff originally, the settlement amount was fair and reasonable based upon the disputed issues of law and fact, including the number of overtime hours, Defendant's knowledge of the alleged overtime hours, and whether liquidated damages were warranted); *Buntin v. Square Foot Management, LLC*,

2015 WL 3407866, at *2 (M.D. Fla. May 26, 2015) (in approving the settlement agreement providing the plaintiff with only a portion of his claimed losses, the court found the parties provided a sufficient justification for the compromise of Plaintiff's claims when Plaintiff contended he was owed overtime wages but Defendant contended it properly paid Plaintiff for all hours he actually worked and Plaintiff was not owed additional compensation, and in reaching the compromise, the parties recognized and considered the risks and costs associated with protracted litigation).

The existence of a bona fide dispute is a significant indicator that the settlement is fair and reasonable. The Court should further look at the "strength and nature of the claim in light of the possible defenses." *Collins v. Sanderson Farms*, 568 F. Supp. 2d at 719 n. 6, *quoting Brask v. Heartland Automotive Svs.*, 2006 WL 2524212, at * 2 (D. Minn 2006). However, in undertaking this analysis, the Court should keep in mind the policy favoring settlement as the preferred means of resolving cases and the "strong presumption" in favor of finding a settlement to be fair. *Id.*; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). "A settlement is in large measure a reasoned choice of a certainty over a gamble, the certainty being the settlement and the gamble being the risk that comes with going to trial." *Paradise v. Wells*, 686 F. Supp. 1442, 1446 (M.D. Ala. 1988). It is not "whether the proposed [resolution] is the best possible deal," but whether it is "at

a minimum, fair, adequate and reasonable." *Id.* at 720.

Here, given the vigorousness of the parties' disputes, the arm's-length negotiation which took place over the course of weeks, and the extent of the investigation conducted by the Parties and their counsel, and the uncertainty of litigation, the Parties believe that the settlement is fair and reasonable and should be approved by the Court.

The Parties both compromised in the settlement process. The Parties calculated the number of hours the Plaintiffs assert they were due overtime pay based upon documents and records produced in this matter that recorded the number of off-duty hours the Plaintiffs spent attending training or class. The Parties agreed to a payment of "one and one-half" times their regular rate for these hours. The Parties further compromised by agreeing to a payment equal to one-half of the liquidated damages which may have been awarded had this matter proceeded to trial.

### C.    The Attorneys' Fees are Fair and Reasonable.

The attorneys' fees paid under the Settlement Agreement are also fair and reasonable. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiff is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685- SWW (E.D. Ark.

10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1. *See also Vela v. Sunnygrove Landscape & Irrigation Maintenance, LLC*, 2018 WL 8576382, at *4 (M.D. Fla. October 4, 2018) (finding the attorneys' fees were reasonable where the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to the plaintiffs).

In this case, the attorney's fee portion of the settlement is reasonable based on the amount of work performed during the investigation and discovery period of this case, and it was negotiated separately from the sums paid to Plaintiffs. *See* Exhibit 1 (Joint Stipulation of Settlement), § 4(c). Indeed, the parties reached agreement on attorney's fees *after* they had agreed on the sums to be paid to Plaintiffs. Thus, the fee is reasonable, given Plaintiffs' counsel's experience litigating FLSA collective actions, the Defendant's vigorous defense, and the

results obtained on behalf of Plaintiffs. In addition, no conflict exists between Plaintiffs and their counsel, and this resolution sufficiently closes all matters before the Court.

### III.     CONCLUSION

Based upon the foregoing, the parties respectfully request that the Court enter an order approving all terms of the Settlement Agreement proposed by the parties as fair and reasonable, and dismiss this action with prejudice and without costs or fees to either party except as provided in the Agreement.

## WORD LIMIT CERTIFICATION

Pursuant to Local Rule 7.1(F), this Joint Motion for Approval of Settlement and for Dismissal of Lawsuit with Prejudice contains 2303 words.

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs and Defendant certify that they have conferred and agree with the relief requested herein.

Respectfully submitted on August 25, 2022.

/s/ Sean Culliton
**Sean Culliton, Esq.**
FBN: 0986232
Email: sean@seancullitonlaw.com
Email: victoria@seancullitonlaw.com
**Sean Culliton, Esq., LLC**
285 Pinewood Dr.
Tallahassee, Florida 32303
Phone: (850) 385-9455
Facsimile: (813) 441-1999

Counsel for Plaintiff

/s/ J. Wes Gay
**Robert E. Larkin, III**
Florida Bar No. 00160814
Email: rlarkin@anblaw.com

**J. Wes Gay**
Florida Bar No. 0104743
Email: wgay@anblaw.com
**ALLEN NORTON & BLUE, P.A.**
906 N. Monroe Street
Tallahassee, Florida 32303
Phone: (850) 561-3503
Facsimile: (850) 561-0332

Counsels for Defendant